# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **Jay F. Casteel**, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**CRETE, CITY OF,** )<br>)<br>Defendant. ) | **COMPLAINT AND JURY DEMAND** |

Comes now the Plaintiff, Jay F. Casteel (hereinafter "Casteel"), for his claims against Defendant City of Crete, (hereinafter "Crete"), and alleges as follows:

1. Plaintiff Casteel is a resident of Lincoln, Nebraska.

2. Defendant Crete is a public employer located in the City of Crete, Saline County, Nebraska.

3. Prior to filing this action, Plaintiff filed a charge against Crete for discrimination and retaliation based on disability and having made complaints about sexual harassment with the Nebraska Equal Opportunity Commission ("NEOC") and United States Equal Employment Opportunity Commission ("EEOC."). On or about July 26, 2016, Plaintiff received an Administrative Dismissal from the NEOC. A copy of the Administrative Dismissal is attached hereto as Exhibit "A" and made a part hereof by reference. On or about September 16, 2016, the EEOC adopted the findings of the NEOC.

## FACTUAL ALLEGATIONS

4. From on or about July 17, 1985 to February 21, 2014, Casteel was employed by Crete, most recently as journeymen lineman.

1

5. In the summer months of 2012, Casteel believed he was sexually harassed by his immediate supervisor Brian Schmidt, as Schmidt made sexual and degrading comments toward Casteel

6. In July and August of 2012, Casteel complained to Defendant's City Administrator, Tom Ourada, that he believed he was being harassed by Schmidt on the basis of sex and gender. Ultimately, Casteel filed a formal grievance against Schmidt.

7. Soon after making his complaints to Ourada, Casteel suffered a non-work related accident causing injuries to Casteel's pelvis.

8. Due to the extent of Casteel's injuries, Plaintiff was placed on administrative leave.

9. On or about December 9, 2013, Casteel informed Crete that he would be able to return to work on or about March 1, 2014 with certain restrictions.

10. On or about February 3, 2014, Crete acknowledged Casteel's request to return to work, but stated that no reasonable accommodation existed.

11. On or about February 28, 2014, Crete informed Casteel that his employment was terminated effective February 21, 2014.

12. At no time did Crete engage in any interactive process with Casteel to determine whether a reasonable accommodation existed.

13. At all times relevant, reasonable accommodations existed which would have allowed Casteel to remain employed with Crete.

14. Upon information and belief, Crete's refusal to accommodate Casteel was due to his disabilities and/or in retaliation for his requests for accommodation and/or his complaints about sexual harassment just prior to his injury.

15. As a result of Crete's discrimination and retaliation, Casteel suffered lost wages from March 1, 2014 to present in an approximate amount of $131,000.00 and continuing. Casteel also suffered a loss of other employment benefits and has endured pain and suffering as a result of Crete's discrimination and is likely to continue to suffer future lost wages and benefits and to endure future pain and suffering.

## COUNTS I and II

(Disability Discrimination-42 U.S.C. §§12101 et seq. and Neb. Rev. Stat. §48-1104)

16. Plaintiff hereby incorporates by reference paragraphs 1-15 and states:

17. Crete is a covered entity and employer under 42 U.S.C §12111 and Neb. Rev. Stat. §48-1102.

18. Casteel was an employee of Crete and during his employment suffered from disabilities affecting his pelvis.

19. Casteel's disabilities substantially limit one or more of his major life activities.

20. At all times relevant, Casteel was able to perform the essential functions of his job with reasonable accommodation.

21. Crete knew of Casteel's disability and/or regarded Casteel as disabled.

22. Crete failed to provide a reasonable accommodation for Casteel's disability and Crete's failure to provide reasonable accommodation was a substantial factor in causing Casteel's termination.

23. With regard to the terms and conditions of his employment, Casteel was discriminated against and treated differently than other similarly situated employees who were not disabled.

24. Crete's discrimination altered a term, condition, and/or privilege of Casteel's employment.

25. The unlawful employment practices complained of above were willful and intentional, and Crete knew and showed reckless disregard for the fact that its conduct was prohibited by Federal and state law.

26. As a result of Crete's discrimination, Casteel has suffered damages in the form of lost wages and benefits, loss of future pay and benefits, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Casteel has also incurred, and will continue to incur attorney's fees and costs in this matter.

## **COUNTS III and IV**
(Retaliation- 42 U.S.C. §12203 and Neb. Rev. Stat. §48-1114)

27. Plaintiff hereby incorporates by reference paragraphs 1-26 and states:

28. During his employment with Crete, Casteel engaged in protected activity by exercising his rights under the Americans with Disability Act and NFEPA in requesting a reasonable accommodation related to his disabilities.

29. Following Casteel's participation in the aforementioned protected activities, Crete interfered with the exercise and/or enjoyment of Casteel's rights and took adverse employment action against Casteel by terminating his employment.

30. There is a causal connection between Casteel's participation in protected activity and Crete's adverse actions.

31. As a result of Crete's retaliation, Casteel has suffered damages in the form of lost wages and benefits, loss of future pay and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life. Casteel has also incurred, and will continue to incur attorney's fees and costs in this matter.

## COUNTS V and VI
(Retaliation- 42 U.S.C. §20003-3(a) and Neb. Rev. Stat. §48-1114)

32. Plaintiff hereby incorporates by reference paragraphs 1-31 and states:

33. During his employment with Crete, Casteel engaged in protected activity by exercising his rights under the Title VII of the Civil Rights Act of 1964 and the NFEPA by complaining of conduct by a supervisor for which Casteel reasonably believed was hostile and degrading and based on Plaintiff's sex or gender.

34. Following Casteel's participation in the aforementioned protected activity, Crete interfered with the exercise and/or enjoyment of Casteel's rights and took adverse employment action against Casteel by terminating his employment.

35. There is a causal connection between Casteel's participation in the protected activity and Crete's adverse actions.

36. As a result of Crete's retaliation, Casteel has suffered damages in the form of lost wages and benefits, loss of future pay and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life. Casteel has also incurred, and will continue to incur attorney's fees and costs in this matter.

## DAMAGES

37. Plaintiff hereby incorporates by reference paragraphs 1- 36 and states:

38. As a result of Crete's discrimination, retaliation and other violations, Casteel has suffered damages and seeks the following relief:

    a. Back pay and lost benefits to the time of trial;

    b. Front pay and benefits;

c. Compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

d. Punitive damages for Defendant's actual malice or reckless indifference to Plaintiff's federally protected rights;

e. Attorney's fees, expert witness fees and other reasonable costs; and,

f. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff prays for judgment against Defendant for all his general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated this 26th day of October, 2016.

Jay F. Casteel, Plaintiff

BY:     s/Ari D. Riekes
Ari D. Riekes, #23096
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154-8005
(402) 492-9800
fax: (402) 492-9800
E-mail: ariekes@mcrlawyers.com
Attorney for Plaintiff

N:\WDOX\CLIENTS\20802\000\PLEA\00196773.DOC



# State of Nebraska
## NEBRASKA EQUAL OPPORTUNITY COMMISSION



| | |
|---|---|
| Jay F. Casteel, Complainant, | ) ) ) **ADMINISTRATIVE** |
| vs. | ) **DISMISSAL** ) ) NEB 1-13/14-3-44837-RD |
| Crete, City of, Respondent. | ) EEOC 32E-2014-00399 ) ) |

Pursuant to the **Nebraska Fair Employment Practice Act**, the above referenced case was filed with the Nebraska Equal Opportunity Commission (NEOC). The Commission served the charge on the Respondent. The above-referenced charge was dual filed with the U.S. Equal Employment Opportunity Commission.

Conciliation efforts in the above-referenced matter were unsuccessful and the Complainant did not request a public. Therefore, the Nebraska Equal Opportunity Commission hereby administratively dismisses the above-referenced case due to the fact that the Complainant has the option to pursue this matter in Federal or State District Court. The deadline for filing an action directly in state district court is 90 days after the receipt of this notice.



Since this charge was also filed under Federal law, all reasonable cause cases are reviewed by the U.S. Equal Employment Opportunity Commission (EEOC) in St. Louis upon closure at the NEOC. The EEOC may choose to attempt further conciliation, may pursue the case in litigation or may issue its determination and Notice of Right to Sue to file the case in federal district court. Inquiries for the EEOC should be directed to Joseph Wilson, State and Local Coordinator, U.S. Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce Street, Room 8.100, St. Louis, MO 63103.



This action shall take effect fifteen (15) days from the date of this Determination. If there are any questions regarding this decision or if the Commission can be of further assistance, please contact the undersigned immediately.

_____  JUL 22 2016
For the Commission              Date

**MAIN OFFICE:**
301 Centennial Mall, South
PO Box 94934
Lincoln, NE 68509-4934
Phone: 402-471-2024
Fax: 402-471-4059
800-642-6112
www.NEOC.nebraska.gov

**BRANCH OFFICES:**
1313 Farnam-on-the-Mall
Omaha, NE 68102-1836
Phone: 402-595-2028
Fax: 402-595-1205
800-382-7820

505A Broadway Suite 600
Scottsbluff, NE 69361-3515
Phone: 308-632-1340
Fax: 308-632-1341
800-830-8633

