IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAY F. CASTEEL, an individual;

    Plaintiff,

vs.

CITY OF CRETE,

    Defendant.

4:16CV3166

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to strike Plaintiff's demand for compensatory damages as to his claim for retaliation under the Americans with Disabilities Act ("ADA"), and his request for a jury trial.[1] (Filing No. 11). For the reasons set forth below the motion is granted in part and denied in part.

BACKGROUND

Plaintiff Jay Casteel ("Casteel") alleges the City of Crete discriminated against him when it fired Casteel from his job as a journeyman lineman. Specifically, Plaintiff's complaint alleges:

> Counts I and II – Disability discrimination under the ADA (42 U.S.C. §§ 12101 - 12213) and the Nebraska Fair Employment Practices Act ("NFEPA")(Neb. Rev. Stat. § 48-1101 - 1126);
>
> Counts III through VI – Retaliation under the ADA, 42 U.S.C § 2000e-3(a) (Title VII of the Civil Rights Act of 1964 ("Title VII")), and the NFEPA;

---

[1] Defendant also moved to strike Plaintiff's request for punitive damages on his federal claims. Plaintiff has since conceded that issue. (Filing No. 15 at CM/ECF pp. 5-6). As such, Defendant's motion to strike the punitive damage demand will be granted but not discussed in this order.

([Filing No. 1 at CM/ECF p. 6](#)). Plaintiff seeks back pay and lost benefits, front pay and benefits, compensatory damages, punitive damages, attorney's fees, and pre- and post-judgment interest. ([Filing No. 1 at CM/ECF pp. 5-6](#)). Plaintiff's complaint demands a jury trial.

Defendant has moved to strike Plaintiff's demand for compensatory damages as to his claim for retaliation under the ADA. Defendant has also moved to strike the jury demand as to all claims, asserting the City of Crete is a political subdivision and thus not subject to a jury trial pursuant to the Nebraska Political Subdivision Tort Claims Act.

ANALYIS

1. Motion to Strike Demand for Compensatory Damages: ADA Retaliation Claim.

Defendant argues Plaintiff is statutorily barred from recovering compensatory damages on his claim of retaliation under the ADA. Plaintiff's claim for retaliation arises under [42 U.S.C. § 12203](#) which expressly prohibits retaliation against an individual who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" based on an alleged ADA violation. Section 12203 adopts the remedies available under [42 U.S.C. § 12117](#), which in turn adopts the remedies under [42 U.S.C. § 2000e-5](#). [Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1265 (9th Cir. 2009)](#). Thus, section 2000e-5 contains the enforcement provisions applicable to the ADA. [Id.](#) [Brown v. City of Lee's Summit, no. 98cv0438, 1999 WL 827768, *2-*4 W.D. Mo. June 1, 1999).](#) Section 2000e-5(g)(1) and (2) provide for a potential award of equitable remedies including reinstatement and back-pay. These statutory provisions do not, however, provide for compensatory damages. [42 U.S.C. §](#)

2000e-5; see also Alvarado, 588 F.3d at 1265; Brown, 1999 WL 827768, at *2-*4. While 42 U.S.C. § 1981a, as part of the Civil Rights Act of 1991, expanded the available remedies in employment discrimination cases, § 1981a(b) permits compensatory damages in suits alleging violations of the ADA, including actions based intentional discrimination, but it does not expressly allow recovery for compensatory damages for claims of retaliation under § 12203 of the ADA. See Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 965 (7th Cir. 2004).

Plaintiff argues the statutory scheme creates an inconsistent result for retaliation claims – compensatory damages are available for retaliation claims brought under Title VII, but not under the ADA. Plaintiff cites to cases, including some from the Eighth Circuit, in which juries awarded compensatory damages for ADA retaliation claims. See Foster v. Time Warner Entertainment Co., L.P., 250 F.3d 1189 (8th Cir. 2001); Stafne v. Unicare Homes, 266 F.3d 771 (8th Cir. 2001); Lovejoy-Wilson v. Noco Motor Fuels, Inc., 242 F. Supp. 2d 236, 240-41 (W.D.N.Y. 2003). While the cases cited did affirm awards of compensatory damages, they did not – and particularly the Eighth Circuit cases –address the legal issue of whether compensatory damages are authorized under the statutory scheme. That is, as to Plaintiff's cited opinions, the courts were not asked to decide whether compensatory damages are permitted in ADA retaliation cases.

Relying heavily on the detailed statutory analysis and the decision in Brown v. City of Lee's Summit, 1999 WL 827768, *2-4 (W.D. Mo. 1999), the Seventh Circuit in Kramer concluded that sections 12203, 2000e-5, and 1981a do not expressly permit a recovery of compensatory damages in claims alleging ADA retaliation. Kramer, 55 F.3d at 965 (citing Brown, 1999 WL 827768, at *3). The vast majority of cases addressing the topic have held likewise. See Rhoads v. F.D.I.C., 94 Fed.Appx. 187 (4th Cir. 2004)(unpublished); Alvarado, 588 F.3d at

1265; Boe v. AlliedSingnal Inc., 131 F.Supp.2d 1197 (D. Kan. 2001); Johnson v. Ed Bozarth #1 Park Meadows Chevrolet, Inc., 297 F.Supp.2d 1286, 1287-91 (D. Colo. 2004); Sabbrese v. Lowe's Home Centers, Inc., 320 F.Supp.2d 311, 331 (W.D. Pa. 2004); E.E.O.C. v. Faurecia Exhaust Sys., Inc., 601 F.Supp.2d 971 (N.D. Ohio 2008); Miles-Hickman v. David Powers Homes, Inc., 613 F.Supp.2d 872, 877-79 (S.D. Tex. 2009); but see Edwards v. Brookhaven Sci. Assocs., LLC, 390 F.Supp.2d 225, 236 (E.D.N.Y.2005) (interpreting section 1981a to include compensatory damages for ADA retaliation claims).

The court agrees with the well-reasoned opinions of Kramer, Alvarado and Brown and finds compensatory damages are not available for claims of retaliation under the ADA. The statutory language is unambiguous. As discussed thoroughly in the above referenced opinions, Sections 2003e-5 and 1981a(b) simply do not contain any language allowing for compensatory damages for violations of section 12203. Accordingly, Plaintiff's claim for compensatory damages with respect to his ADA retaliation claim is stricken.

2. Motion to Strike Jury Demand: ADA and Title VII Claims.

Plaintiff asserts he is entitled to a jury trial on his federal claims for compensatory damages under Title VII and the ADA. A plaintiff's right to recover compensatory and punitive damages for intentional discrimination under the ADA and Title VII is addressed in 42 U.S.C. § 1981a, which expressly states plaintiffs have a right to a jury trial. 42 U.S.C. §1981a(c).

Having found compensatory damages are not allowed for a claim of retaliation under the ADA, Plaintiff's claim for a jury trial for compensatory damages for ADA retaliation is moot. Thus, for the purposes of his federal law

claims, the only remaining question is whether Plaintiff is entitled to a trial by jury on his request for compensatory damages for ADA discrimination and Title VII retaliation.

In support of its motion to strike the jury demand, Defendant cites to several cases from this district which determined a plaintiff did not have a right to a jury against a state or political subdivision. See Buss v. Douglas, 59 F.R.D. 334 (D. Neb. 1973); Pettigrew v. Valentine Community Schools, no. 4:11cv3166, 2012 WL 4894584 (D. Neb. 2012); Villanueva v. City of Scottsbluff, no. 4:11cv3185, 2012 WL 45406 (D. Neb. 2012); Teetor v. Dawson Public Power Dist., no. 4:0cv3176, 2010 WL 415269 (D. Neb. 2010); and Ojeda v. City of Scottsbluff, no. 4:08cv3067, 2008 WL 5100210 (D. Neb. 2008).

Buss involved a civil rights action under § 1983 by a plaintiff against a public official. Buss conducted a historical analysis to determine whether the Seventh Amendment's jury trial guarantee extended to actions brought under § 1983, finding that in the absence of any statutory language in § 1983 providing the right to a trial by jury, Plaintiff was not entitled to a trial by jury. See also Pettigrew, 2012 WL 4894584 at *2 (no jury trial for a claim under the ADEA); Villaneuva, 2012 WL 45406 at *1-2 (no right to a jury trial on claims under § 1983 and Nebraska common law claims for negligent infliction of emotional distress); Teetor, 2010 WL 415269 at *1 (no jury trial for a claim under 29 U.S.C. § 1140).

The pivotal issue is whether the statutory language underlying the Plaintiff's claims secures the right to a jury trial.

> In determining whether a plaintiff is entitled to a jury trial, the point of departure is the statute itself. Tull v. United States, 481 U.S. 412, 417 n. 3, 107 S.Ct. 1831, 1835 n. 3, 95 L.Ed.2d 365 (1987). If the statute in question expressly provides for a jury trial, that is the end of the matter. If the statute is silent on the issue of jury trial, then it is

necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment. Id.; Chauffeurs Local No. 391 v. Terry, 494 U.S. 558, 564 & n. 3, 110 S.Ct. 1339, 1344 & n. 3, 108 L.Ed.2d 519 (1990).

Pandazides v. Virginia Bd. of Educ., 13 F.3d 823, 827 (4th Cir. 1994).

Unlike the §1983 claims alleged in Buss, since § 1981a expressly and unambiguously provides for a right to a jury trial for certain claims under the ADA and Title VII, the inquiry need go no further. See, e.g., Westcott v. City of Omaha, no. cv88-o-28, 1988 WL 383125 at *4 (D. Neb. April 11, 1988) (where there is no constitutional right to a trial by jury the court must look to the statute under which the action is brought); Kennedy v. Alabama State Bd. of Educ., 78 F. Supp. 2d 1246, 1250 (M.D. Ala. 2000) (Section 1981a expressly provides for a jury trial). Whether, as Defendant argues, the Nebraska Political Subdivision Tort Claims Act grants a right to a jury trial against a political subdivision, is not relevant. The ADA, Title VII and the remedies available under § 1981a, including the right to a jury trial, are uniquely federal and wholly separate from state law. See DeVries v. Driesen, 766 F.3d 922, 924 (8th Cir. 2014) (discussing the applicability of the Iowa State Tort Claims Act to a federal claim under § 1983).

Thus, to the extent Plaintiff seeks compensatory damages for his intentional discrimination claims under the ADA and retaliation under Title VII, Plaintiff is entitled to a jury trial as demanded.

3. Motion to Strike Jury Demand: Nebraska State Law Claims.

Plaintiff asserts claims for discrimination and retaliation based on Nebraska state law pursuant to the NFEPA. Defendant again argues there is no right to a jury trial against a political subdivision in the NFEPA.

Under Nebraska law, there was no historical right to a jury trial against the State or its political subdivisions "because of the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity." Jacobsen v. Shresta, 849 N.W.2d 515, 521, 288 Neb. 615, 624 (2014). "The legislature has determined when and how it will waive the State's sovereign and governmental immunity." Jacobsen, 849 N.W.2d at 522, 288 Neb. at 625. A waiver of such immunity must be stated in express language or by clear implication. Id.

There is no question the Nebraska legislature waived sovereign and governmental immunity with respect to allowing a suit against a political subdivision for an alleged violation of the NFEPA. Political subdivisions are expressly included in the list of employers in the definitional section of the NFEPA. See Neb. Rev. Stat. 48-1102(2). However, there is no express language preserving the right to a jury trial against a political subdivision of the State. The closest the NFEPA comes is a provision stating the "state and governmental agencies created by the state may be sued upon claims under the [NFEPA] in the same manner as provided by such law for suits against other employers." Neb. Rev. Stat. § 48-1126. The court finds this language is not an express or clear waiver of governmental immunity with respect to a jury trial against a political subdivision under the NFEPA. Plaintiff is not entitled to a trial by jury on his NFEPA claims.

Accordingly,

IT IS ORDERED that Defendant's motion to strike is granted in part and denied in part as follows:

1. Defendant's motion to strike Plaintiff's claim for compensatory damages for any alleged retaliation under the ADA ([42 U.S.C. 12203](42 U.S.C. 12203)) is granted.

2. Defendant's unopposed motion to strike Plaintiff's request for punitive damages is granted.

3. Defendant's motion to strike Plaintiff's jury demand is granted as to Plaintiff's claims under the NFEPA and Plaintiff's claim for retaliation under the ADA. The motion is denied with respect to Plaintiff's claims for discrimination under the ADA and for retaliation under Title VII.

Dated this 23rd day of August, 2017.

                                BY THE COURT:

                                *s/ Cheryl R. Zwart*
                                United States Magistrate Judge